Audra M. Mori, Bar No. 162850
AMori@perkinscoie.com
Katherine M. Dugdale, Bar No. 168014
KDugdale@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA  90067-1721
Telephone:  310.788.9900
Facsimile:  310.788.3399

**\*Note changes made by
the Court to page 5\***

Attorneys for Plaintiff
MICROSOFT CORPORATION

David A. Gabianelli, Bar No. 158170
david.gabianelli@clydeco.us
CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, CA 94105
Telephone:  415.365.9800
Facsimile:  415.365.9801

Attorneys for Defendants
LAPTOPS DISCOUNTERS, INC. and
AFTAB AHMAD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>LAPTOPS DISCOUNTERS INC., a California corporation doing business as NOTEBOOK AVENUE; and AFTAB AHMAD, an individual,<br><br>                    Defendants. | Case No. 12-cv-3663-JFW (JPRx)<br><br>**DISCOVERY MATTER**<br><br>**STIPULATED PROTECTIVE ORDER** |

Having received and considered the parties' Stipulation for Entry of

Protective Order, and good cause appearing,

THE PARTIES ARE HEREBY ORDERED to abide by the terms and

PROPOSED STIPULATED
PROTECTIVE ORDER

1    conditions agreed upon in the Stipulation as follows:

2         1.    This Stipulated Protective Order shall be applicable to and govern all

3    depositions, documents produced in response to requests for production of

4    documents, answers to interrogatories, responses to requests for admissions, and all

5    other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as

6    all documents produced by either party in response to informal discovery requests,

7    (collectively, "RECORDS") which the disclosing party designates as

8    "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL" hereafter

9    furnished, directly or indirectly, by or on behalf of any party in connection with this

10   action.

11        2.    In designating RECORDS as "CONFIDENTIAL MATERIAL" or

12   "RESTRICTED MATERIAL," a party shall make such a designation of

13   CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL only for

14   RECORDS which that party in good faith believes contain information which is not

15   public, such as trade secret or other confidential, competitive or proprietary

16   business information used by it in, or pertaining to, its business which the party

17   takes appropriate efforts to keep confidential or which the party is otherwise

18   required to keep confidential by agreement or law.  "CONFIDENTIAL

19   MATERIAL" includes but is not limited to information which, if disclosed, would

20   be adverse to either party's respective business advantages against their

21   competitors, such as, but not limited to,undermining the investigation of the making

22   or distribution of infringing copies of Microsoft software or disclosed confidential

23   financial information regarding sales and profits.  For a designation of RECORDS

24   as "RESTRICTED MATERIAL," the party must additionally believe in good faith

25   that the RECORDS must be protected from disclosure to the parties themselves in

26   this litigation and must be subject to the restricted disclosure provided for below

27   because such RECORDS are comprised of and/or contain highly sensitive

28   competitive business information.  Such information includes, but is not limited to,

1    the security features of the party's property (*e.g.*, software programs), which if

2    disclosed would facilitate the creation, manufacture, duplication, and/or distribution

3    of infringing copies of that party's property by the other party.  CONFIDENTIAL

4    MATERIAL and RESTRICTED MATERIAL shall be used solely for the purpose

5    of conducting this litigation.

6        3.    RECORDS designated as CONFIDENTIAL MATERIAL may be

7    disclosed only to the following persons:

8        a.    the attorneys working on this action on behalf of any party, including

9    in-house attorneys;

10       b.    any paralegal assistants, stenographic and clerical employees working

11   under the direct supervision of such counsel;

12       c.    any parties to this action who are individuals, and the employees,

13   directors or officers of parties to this action who are corporations or partnerships, to

14   the extent necessary to further the interest of the parties in this litigation;

15       d.    any person not employed by a party who is expressly retained or

16   sought to be retained by any attorney described in paragraph 3(a) to assist in

17   preparation of this action for trial, with disclosure only to the extent necessary to

18   perform such work;

19       e.    any witnesses who appear for deposition in this matter, and their

20   counsel of record, during the course of their testimony, upon the witness being

21   advised of the need and agreeing to keep the RECORDS confidential; and

22       f.    the Court.

23       4.    RECORDS designated as "RESTRICTED MATERIAL" may be

24   disclosed only to the following persons:

25       a.    the attorneys working on this action on behalf of any party, including

26   in-house attorneys;

27       b.    any paralegal assistants, stenographic and clerical employees working

28   under the direct supervision of such counsel, with disclosure only to the extent

necessary to perform their work in connection with this matter;

      c.    any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 4(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

      d.    any witnesses who appear for deposition in this matter, and their counsel of record, during the course of their testimony, upon the witness being advised of the need and agreeing to keep the RECORDS confidential; and

      e.    the Court.

      5.    Notwithstanding any other provisions of this Order, plaintiff Microsoft Corporation may (a) use and disclose CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL in order to investigate and/or prosecute criminal or civil actions involving copyright or trademark infringement against parties or entities other than the defendants in this matter and may provide CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL to law enforcement officials upon such officials' request.

      6.    The persons described in paragraphs 3(d) and 4(c) shall have access to the CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL once they have been made aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a copy of the annexed "ACKNOWLEDGMENT." A list shall be prepared by counsel for the parties hereto of the names of all such persons to whom CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL is disclosed, or to whom the information contained therein is disclosed, and such list shall be available for inspection by the Court and opposing counsel upon request. The other persons described in paragraphs 3 and 4 shall have access to the CONFIDENTIAL MATERIAL and RESTRICTED MATERIAL pursuant to the terms of this Order without signing a copy of the annexed "ACKNOWLEDGEMENT." Similar but separate lists shall also be prepared with

respect to CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL provided by third parties.  At the time of the termination of this lawsuit by settlement, judgment or otherwise, the parties hereto shall provide other counsel with a copy of the pertinent aforementioned lists upon request.  The persons receiving CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL are enjoined from disclosing it to any other person, except in conformance with this Order.  This Stipulation will not require the disclosure of experts other than by Local Rule, Federal Rule of Civil Procedure, and/or Court Order.

7.     Each individual who receives any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL under this Order and had agreed to be bound by its terms, hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

8.     The recipient of any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL that is provided under this Order and has agreed to be bound by its terms shall maintain such RECORDS in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such RECORDS as is exercised by the recipient with respect to its own proprietary information.

9.     Parties shall designate CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL as follows:

a.     In the case of RECORDS produced pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, interrogatory answers, responses to requests for admissions, and the information contained therein, designation shall be made by placing the following legend on any such RECORD prior to production: "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL."

b.     In the case of depositions, designation of the portion of the transcript (including exhibits) which contains CONFIDENTIAL MATERIAL or

1   RESTRICTED MATERIAL shall be made by a statement to such effect on the

2   record in the course of the deposition or, upon review of such transcript by counsel

3   for the party to whose CONFIDENTIAL MATERIAL or RESTRICTED

4   MATERIAL the deponent has had access, said counsel shall designate within

5   fourteen (14) days after counsel's receipt of the transcript.

6          c.      The "CONFIDENTIAL MATERIAL" or "RESTRICTED

7   MATERIAL" designation should be used as sparingly as possible and placed on or

8   next to only the specific item or portion of a document or transcript that is

9   designated as such.

10         10.     If timely corrected, an inadvertent failure to designate qualified

11  information or items does not, standing alone, waive the designating party's right to

12  secure protection for such material under this Order.  Upon timely correction of a

13  designation, the recipient of any CONFIDENTIAL MATERIAL or RESTRICTED

14  MATERIAL must make reasonable efforts to assure that the material is treated in

15  accordance with the provisions of this Order.

16         11.     A party that seeks to file any CONFIDENTIAL MATERIAL or

17  RESTRICTED MATERIAL must comply with Civil Local Rule 79-5.1 and Judge

18  Walter's Standing Order.

19         12.     A party shall not be obligated to challenge the propriety of a

20  CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL designation at the

21  time made, and failure to do so shall not preclude a subsequent challenge thereto.

22  In the event that any party to this litigation disagrees at any stage of these

23  proceedings with such designation, such party shall provide to the producing party

24  written notice of its disagreement with the designation.  The parties shall first try to

25  dispose of such dispute in good faith on an informal basis.  If the dispute cannot be

26  resolved, the party challenging the designation may request appropriate relief from

27  the Court, but must comply fully with Local Rules 37-1 and 37-2, including the

28  Joint Stipulation requirement.

The burden of proving that RECORDS have been properly designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL shall be on the party making such designation.

13.    Nothing in this order shall preclude any party to the lawsuit, their attorneys or any other person from disclosing or using, in any manner or for any purpose, any RECORDS not obtained in this lawsuit, if such RECORDS are lawfully obtained from a third party, even though the same RECORDS may have been produced in discovery in this lawsuit and designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL.

14.    Nothing in this order shall preclude any party to the lawsuit or their attorneys (a) from showing RECORDS designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL to an individual who either prepared or reviewed the RECORDS prior to the filing of this action, or (b) from disclosing or using, in any manner or for any purpose, RECORDS from the party's own files which the party itself has designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL.

15.    Within sixty (60) days of the termination of litigation between the parties, all CONFIDENTIAL MATERIAL and RESTRICTED MATERIAL, and all copies thereof, except such copies which have been filed with the Court, utilized in accordance with this Order, or which are and will continue to be maintained in a secure place pursuant to the continuing obligations of this Order, shall be returned to the party which produced it or shall be destroyed.

16.    Except as specifically provided herein, the terms, conditions and limitations of this Order shall survive the termination of this action at the option of the designating party.

//

//

//

17.    This Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained in paragraphs 1 through 14, inclusive hereof.

IT IS SO ORDERED.

DATED:  October 24, 2012

By: _____
The Honorable Jean P. Rosenbluth
UNITED STATES MAGISTRATE
JUDGE

# A C K N O W L E D G E M E N T

The undersigned hereby acknowledges that he/she has read the STIPULATED PROTECTIVE ORDER which was entered by the Court on September _____, 2012 in Microsoft Corp. v. Laptops Discounters Inc et al., Case No. 12-cv-03663-JFW-JPR, that he/she is one of the persons contemplated in paragraph 3 and 4 thereof as authorized to receive disclosure of RECORDS designated CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL by any of the parties or by third parties, and that he/she fully understand and agrees to abide by the obligations and conditions of the Protective Order.  The undersigned further consents to be subject to the jurisdiction of the United States District Court for the Central District of California for purposes of any proceedings relating to performance under, compliance with or violation of the above-described Order.

_____

Dated:  _____, 20___